**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MICHAEL KELLER

                    Plaintiff,

        v.

SCHOLASTIC, INC.,

                    Defendant.

No. 2:16-CV-01829(WB)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR,**
**IN THE ALTERNATIVE, TO TRANSFER VENUE**

SCHNADER HARRISON SEGAL & LEWIS LLP
Stephen J. Shapiro (Pa. I.D. No. 83961)
1600 Market Street, Ste. 3600
Philadelphia, Pennsylvania 19103
Phone:  (215) 751-2000
Fax:  (215) 751-2205

FRANKFURT KURNIT KLEIN & SELZ, P.C.
Edward H. Rosenthal*
Nicole Bergstrom*
488 Madison Avenue, 10th Floor
New York, New York 10022
Phone:  (212) 980-0120
Fax:  (212) 593-9175
*Admitted *pro hac vice*

*Attorneys for Defendant Scholastic Inc.*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................... 1

FACTUAL ALLEGATIONS ......................................................................... 2

ARGUMENT ................................................................................................ 4

    I.      STANDARD OF REVIEW ON A MOTION TO DISMISS ................ 4

    II.     PLAINTIFF FAILS TO STATE A CLAIM FOR COPYRIGHT
          INFRINGEMENT .............................................................................. 5

          A.    Plaintiff Has Not Identified by What Acts and During What Time
              His Copyrights Were Allegedly Infringed ................................. 6

          B.    Plaintiff Is Not Entitled to an Audit of Scholastic's Uses of His
              Photographs .................................................................................. 7

    III.    THIS CASE SHOULD BE TRANSFERRED TO THE SOUTHERN
          DISTRICT OF NEW YORK ............................................................. 9

          A.    The Forum Selection Clauses are Binding on the Parties ......... 10

          B.    The Forum Selection Clauses Cover Plaintiff's Claims ........... 10

          C.    Even Considering the Private and Public Interest Factors, Transfer
              is Warranted ............................................................................... 11

    IV.    SHOULD THIS CASE PROCEED, DISCOVERY SHOULD BE
          LIMITED TO WHETHER THE COMPLAINT IS BARRED BY THE
          STATUTE OF LIMITATIONS ......................................................... 12

CONCLUSION ........................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).................................................................................5, 9

*Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for Western Dist. of Texas*,
  134 S. Ct. 568 (2013)...............................................................................11

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)..................................................................................4

*Bosley v. Chubb Corp.*,
  No. CIV.A. 04-4598, 2007 WL 9604965 (E.D. Pa. Feb. 20, 2007) .......................13

*Bradshaw v. Am. Inst. for History Educ.*,
  No. Civ. 12-1367, 2013 WL 1007219 (D.N.J. Mar. 13, 2013).................................5

*Crescent Intern., Inc. v. Avatar Communities, Inc.*,
  857 F.2d 943 (3d Cir. 1988)........................................................................10

*Douglas v. Kimberly-Clark Corp.*,
  No. CIV. A. 92-3394, 1992 WL 189411 (E.D. Pa. July 28, 1992)..........................7

*eScholar, LLC v. Otis Educ. Sys., Inc.*,
  387 F. Supp. 2d 329 (S.D.N.Y. 2005)...........................................................8

*First Fin. Mgmt. Grp., Inc. v. Univ. Painters of Baltimore, Inc.*,
  No. CIV.A. 11-5821, 2012 WL 1150131 (E.D. Pa. Apr. 5, 2012), *order*
  *entered* 2012 WL 1150132 (E.D. Pa. Apr. 5, 2012) ...........................10, 12

*Fowler v. UPMC Shadyside*,
  578 F.3d 203 (3d Cir. 2009).........................................................................5

*Gee v. CBS, Inc.*,
  471 F. Supp. 600 (E.D. Pa.), *aff'd*, 612 F.2d 572 (3d Cir. 1979) ........................5

*Grant Heilman Photography, Inc. v. McGraw-Hill Companies, Inc.*,
  No. CIV.A. 12-2061, 2012 WL 5944761 (E.D. Pa. Nov. 28, 2012), *order*
  *entered* 2012 WL 594904 (E.D. Pa. Nov. 28, 2012) .........................................13

*Grant Heilman Photography, Inc. v. McGraw-Hill Cos., Inc.*,
  28 F. Supp. 3d 399, 411 (E.D. Pa. 2014) ......................................................13

*Iza Music Corp. v. W&K Music Corp.*,
   995 F. Supp. 417 (S.D.N.Y. 1998) ...........................................................8

*Jon Feingersh Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*,
   No. CIV.A. 13-2378, 2014 WL 716723 (E.D. Pa. Feb. 25, 2014) ........................9, 10, 11, 12

*Jon Feingersh Photography, Inc. v. Pearson Educ., Inc.*,
   978 F. Supp. 2d 463 (E.D. Pa. 2013) ...................................................10

*Jumara v. State Farm Ins. Co.*,
   55 F.3d 873 (3d Cir. 1995)...............................................................11, 12

*Lefkowitz v. John Wiley & Sons, Inc.*,
   No. CIV.A. 13-1662, 2013 WL 4079923 (E.D. Pa. Aug. 13, 2013) ....................10

*Lefkowitz v. McGraw-Hill Cos.*,
   No. CIV.A. 13-1661, 2013 WL 3061549 (E.D. Pa. June 19, 2013) ....................10

*Malibu Media, LLC v. Doe*,
   82 F. Supp. 3d 650, 657-58 (E.D. Pa. 2015)........................................7

*Mohsen v. Morgan Stanley & Co.*,
   No. 11-cv-6751, 2013 WL 5312525 (S.D.N.Y. Sept. 23, 2013) .....................10

*Palmer Kane LLC v. Scholastic Corp.*,
   No. 12-cv-3890, 2013 WL 709276 (S.D.N.Y. Feb. 27, 2013) ......................2, 6, 7

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
   134 S. Ct. 1962 (2014).......................................................2, 12, 13, 14

*Quadratec, Inc. v. Turn 5, Inc.*,
   No. CIV.A. 13-6384, 2015 WL 4876314 (E.D. Pa. Aug. 13, 2015) .................6

*Raucci v. Candy & Toy Factory*,
   No. CIV.A. 15-3385, 2015 WL 6664160 (E.D. Pa. Nov. 2, 2015), *order*
   *entered* 2015 WL 6664161 (E.D. Pa. Nov. 2, 2015) ...........................14

*Schmidt v. Skolas*,
   770 F.3d 241 (3d Cir. 2014).............................................................10

*Watkins v. ITM Records*,
   No. CIV.A. 14-01049, 2015 WL 4505954 (E.D. Pa. July 24, 2015).................6

*William A. Graham Co. v. Haughey*,
   568 F.3d 425 (3d Cir. 2009).............................................................12

*Wolfe v. United Artists Corp.*,
   583 F. Supp. 52 (E.D. Pa. 1983) ......................................................8

iii

*Young-Wolff v. McGraw-Hill Cos.*,
   No. 13 Civ. 4372, 2014 WL 349711 (S.D.N.Y. Jan. 31, 2014)................................................8

*Zecco v. Solaris Hotel & Resorts, Inc.*,
   820 F. Supp. 962 (E.D. Pa. 1993) ............................................................................................5

**Statutes and Other Authorities**

28 U.S.C. § 1404(a) .........................................................................................................1, 9

Copyright Act.............................................................................................................1, 8, 13

Federal Rule of Civil Procedure 12(b)(6) ...........................................................................1

Federal Rule of Civil Procedure 8 ...............................................................................5, 8, 9

Defendant Scholastic Inc. ("Scholastic" or "Defendant") submits this Memorandum, pursuant to Federal Rule of Civil Procedure 12(b)(6), in support of its Motion to Dismiss the Complaint ("Complaint") of Plaintiff Michael Keller ("Plaintiff"), or, in the alternative, to transfer the venue of this action to the Southern District of New York pursuant to 28 U.S.C. § 1404(a).

## PRELIMINARY STATEMENT

Plaintiff brings this lawsuit for copyright infringement against Scholastic based on pure speculation. He alleges that Scholastic properly licensed photographs from his agents for use in certain Scholastic publications, and suggests that Scholastic may have violated those licenses in some unspecified way. The apparent basis for this accusation is that Scholastic has been sued in the past by other photographers, presumably regarding other photographs and publications. Instead of alleging *how* or *when* (or even *if*) Scholastic infringed his photographs, as is required to state a claim for copyright infringement, Plaintiff is attempting to use this lawsuit to force Scholastic to turn its offices upside down for information on photographs, in some cases licensed more than twenty years ago, in the hope that an infringement claim will materialize. Plaintiff's attempt to secure an audit of Scholastic's uses of his photographs – a right he does not have under the Copyright Act (or any contract he points to) – should be denied and his claims dismissed for failure to adequately plead infringement.

Moreover, by bringing this lawsuit in the Eastern District of Pennsylvania, Plaintiff defies the provisions in both his own agreements with his agents and his agents' agreements with Scholastic that require that any disputes be venued in New York. Accordingly, if this action continues, it should be transferred to the Southern District of New York, as has happened in several other claims brought against publishers by the same plaintiffs' counsel. *See* Point III below.

If this case is permitted to go forward in this District, discovery at the outset of the case should be limited to determining which, if any, of Plaintiff's claims have been brought within the three-year statute of limitations for copyright claims. While Plaintiff surely will argue that he only recently "discovered" his claims, the reality is that Plaintiff knew that his photographs were licensed to Scholastic and knew that his photographs were used in books published by Scholastic as early as the mid-1990s. He also knew that Scholastic (and other publishers) have been sued for copyright infringement by photographers in cases going back to at least 2011. Finally, even if some of his claims are not time barred, Plaintiff is not entitled to any monetary recovery for any sales that date back more than three years, as made clear by the Supreme Court in *Petrella v. Metro-Goldwyn-Mayer, Inc.,* 134 S. Ct. 1962, 1969 (2014).

## **FACTUAL ALLEGATIONS**

Plaintiff is a professional photographer residing in Pennsylvania. Complaint ¶ 2. Defendant Scholastic is a New York publisher and distributer of children's books, with its principal place of business at 557 Broadway, New York, New York 10012. *Id.* ¶ 3. Plaintiff alleges that he owns the copyrights in certain photographic images identified in the exhibit to the Complaint (the "Photographs"), which he licensed to Scholastic for specified uses through a number of "stock photography agencies" beginning in 1988. *Id.* ¶¶ 6-11, Ex. 1.

While Plaintiff acknowledges in his Complaint that he licensed his photographs under "a series of contractual agreements" with The Stock Market ("TSM") (*id.* ¶ 8) and, later, an agreement with Corbis (*id.* ¶ 9) (collectively, the "Agency Agreements"), he does not attach them to his Complaint. Plaintiff does, however, attach these Agency Agreements to his complaints in two other actions commenced in this District within weeks of the filing of this case in which he makes nearly identical allegations against two other publishers. *Keller v. McGraw-Hill Global Educ. Holdings, LLC,* 2:16-cv-01778 (JHS) and *Keller v. Houghton Mifflin Harcourt*

2

*Publ'g Co.,* 2:16-cv-01397 (PD).   *See* Declaration of Edward H. Rosenthal, dated June 28, 2016 ("Rosenthal Decl."), attaching the Agency Agreements as Exhibits A and B.

   A review of the Agency Agreements reveals that they include mandatory forum selection clauses requiring that any suit be brought in the state or federal courts in New York.  *See, e.g.,* Rosenthal Decl. ¶ 2 and Ex. A at p. 6 in each ("This agreement and all matters collateral thereto shall be construed according to the laws of the State of New York, and any controversy arising hereunder *shall be litigated solely* in a court of competent jurisdiction of such state") (emphasis added); Ex. B ¶ 12.3 ("This Agreement shall be governed by the laws of the State of New York, irrespective of its conflict of law rules.  In any action arising out of this Agreement, you consent to personal jurisdiction and the *exclusive venue* of the state and federal courts sitting in New York City, New York") (emphasis added).  Scholastic also operated under a series of over-arching "preferred vendor agreements" with Plaintiff's agents, which shaped its licensing procedures (the "PVAs" and, with the Agency Agreements, the "Agreements"), and which also contain New York forum selection clauses.  *See id.* ¶¶ 3-4 and Exs. C, D at ¶ 21 ("Any dispute regarding this Agreement shall be governed by the laws of the State of New York, and by Titles 15, 17 and 35 of the U.S.C., as amended, and the parties agree to accept the *exclusive jurisdiction* of the state and federal courts located in New York, New York, regardless of conflicts of laws) (emphasis added).  Yet, in spite of these forum selection clauses, Plaintiff brought this suit in this Court.

   Turning to Plaintiff's allegations, nowhere in the body of the Complaint does Plaintiff allege with any specificity how or when his Photographs were infringed.  Rather, Plaintiff

provides a list of images licensed to Scholastic by his agents (*id.* Ex. 1)[1] and makes a blanket allegation that "Scholastic exceeded the licenses and infringed Plaintiff's copyrights in various ways," providing a laundry list of the ways in which these images might have been infringed – the same list he included in the two other actions he filed. *Id.* ¶ 12. Plaintiff further alleges that Scholastic has used these Photographs in "additional publications that have not yet been identified" (the "Additional Uses"). *Id.* ¶ 13.

As the Complaint makes clear, Plaintiff pleads in this way because he has no specific information on how or when – or, indeed, *if* – his Photographs have been infringed. Rather, Plaintiff alleges that "Scholastic alone knows the full extent to which it has infringed [Plaintiff]'s copyrights by making unauthorized uses of the Photographs, but it has not shared this knowledge with [Plaintiff]" (*id.* ¶ 14), and points to other lawsuits against Scholastic, which began in 2011. *Id.* ¶ 15. Yet, despite admitting that he has no information on whether his Photographs were infringed, Plaintiff brings suit for copyright infringement against Scholastic, citing licenses covering forty-two uses at issue and entered into between 1993 and 2012. *Id.* Ex. 1.

## ARGUMENT

### I.   STANDARD OF REVIEW ON A MOTION TO DISMISS

Federal Rule of Civil Procedure ("FRCP") 12(b)(6) mandates dismissal of a cause of action if it does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Mere conclusory averments are insufficient to meet this pleading threshold; rather, a claim must be supported by specific factual allegations, which if accepted as true, are sufficient to support the accusation's plausibility.

---

[1] The exhibit fails to identify even the titles or other identifying information, such as International Standard Book Numbers ("ISBNs"), for the publications in which Plaintiff claims that Scholastic violated his rights. *See id.* Ex. 1.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citing *Iqbal*, 556 U.S. at 678) ("'conclusory' or 'bare-bones' allegations will no longer survive a motion to dismiss"); *Zecco v. Solaris Hotel & Resorts, Inc.*, 820 F. Supp. 962, 963 (E.D. Pa. 1993) ("The mere fact that plaintiff's complaint contains conclusory allegations…is not sufficient to defeat defendant's motion [to dismiss]."). Although "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal,* 556 U.S. at 678–79.

## II. PLAINTIFF FAILS TO STATE A CLAIM FOR COPYRIGHT INFRINGEMENT

"The Rule 8 requirements have been expressly applied to copyright actions by virtue of the Supreme Court Rules of Practice for Proceedings in Copyright." *Gee v. CBS, Inc.*, 471 F. Supp. 600, 643 (E.D. Pa.), *aff'd*, 612 F.2d 572 (3d Cir. 1979) (citing 2a Moore's Federal Practice P 8.17(7) at 1766 (2d ed. 1978)). Rule 8 requires Plaintiff to "particularize [his] claim so defendants would have sufficient notice to permit them to file a responsive pleading." *Id.* at 644. To survive a motion to dismiss, a complaint alleging copyright infringement must allege: (1) which specific original works are the subject of the copyright claim; (2) that the plaintiff owns the copyrights in those works; (3) that the works in question have been registered with the Copyright Office in accordance with the statute; and (4) by what acts and during what time the defendant infringed the copyright. *Id.* at 643; *see also Bradshaw v. Am. Inst. for History Educ.*, No. Civ. 12-1367, 2013 WL 1007219, at *3 (D.N.J. Mar. 13, 2013) (recognizing that "recent decisions from this circuit have embraced *Gee's* more detailed pleading standard"). Pleadings that are "vague and illusive" are inadequate. *Gee*, 471 F. Supp. at 644. Based on this standard, Plaintiff's conclusory copyright infringement claims must be dismissed.

### A.  Plaintiff Has Not Identified by What Acts and During What Time His Copyrights Were Allegedly Infringed

Plaintiff fails to allege "by what acts and during what time" Scholastic purportedly infringed his copyrights.  The Complaint merely states that "Scholastic exceeded [Plaintiff's] licenses and infringed Plaintiff's copyrights in various ways."  Complaint ¶ 12.  The only specific facts are found in the spreadsheet, attached as Exhibit 1 to the Complaint, and containing a list of Photographs that Plaintiff says were properly licensed to Scholastic.  *Id.* ¶ 10, Ex. 1.

These generalized pleadings cannot withstand a motion to dismiss.  *See Watkins v. ITM Records,* No. CIV.A. 14-01049, 2015 WL 4505954, at *3 (E.D. Pa. July 24, 2015) (dismissing plaintiff's "shotgun pleading", which failed to allege specific acts of infringement by defendant); *see also Palmer Kane LLC v. Scholastic Corp.,* No. 12-cv-3890, 2013 WL 709276, at *3 (S.D.N.Y. Feb. 27, 2013) (the generalized and conclusive pleadings that defendant "exceeded the licenses it obtained to use Plaintiff's images, reused Plaintiffs works without a license" and used the images "without permission" or "prior to obtaining permission" were insufficient to state a claim); *but see Quadratec, Inc. v. Turn 5, Inc.*, No. CIV.A. 13-6384, 2015 WL 4876314, at *5 (E.D. Pa. Aug. 13, 2015).[2]  This is particularly true for the Additional Uses, for which Plaintiff fails to identify any publications in which the Photographs were allegedly used, or when they were published.

Even in those limited instances where the exhibit identifies license terms, it provides no facts to support the Plaintiffs' claims that the licenses were infringed, nor does it provide any

---

[2] While other courts have, in some cases, allowed vaguely-plead claims to proceed past the motion to dismiss stage (*see Quadratec,* 2015 WL 4876314, at *5), unlike *Quadratec,* Plaintiff is purposely vague, attempting to use this action to gain an audit of Scholastic's uses of its Photographs.  As shown in Section II(B) below, because this is a right Plaintiff does not have, this strategy should be rejected and his Complaint dismissed.

timeframe for the purported infringements.  This too is fatal to Plaintiffs' copyright claims.  *See Douglas v. Kimberly-Clark Corp.,* No. CIV. A. 92-3394, 1992 WL 189411, at *1 (E.D. Pa. July 28, 1992) (dismissing copyright claim for failure to "provide[] the time or the dates on which defendant infringed the copyright"); *see also Palmer Kane LLC*, 2013 WL 709276, at *3 ("Although Exhibit A, listing Palmer Kane's works contains an invoice date for each of the images, the complaint makes no mention of these dates, let alone how they relate to a time period in which Scholastic infringed on Palmer Kane's copyrights").

Plaintiff tries to mask the lack of any factual support by pointing to other lawsuits against Scholastic.  *See* Complaint ¶ 15.  However, these allegations involving other photographers, publications and photographs, do nothing to support Plaintiff's claims regarding the Photographs.  *See Malibu Media, LLC v. Doe*, 82 F. Supp. 3d 650, 657-58 (E.D. Pa. 2015) (evidence that defendant's computer contained third-party files and a peer-to-peer sharing program did not support plaintiff's claim that defendant had infringed its copyrighted material).

Simply put, vague and conclusory allegations of infringement, accompanied by spreadsheets containing lists of images that were published by Scholastic, cannot state valid claims for copyright infringement.

### B.  Plaintiff Is Not Entitled to an Audit of Scholastic's Uses of His Photographs

Plaintiff makes clear that his actual goal is an audit of Scholastic's uses of his Photographs.  Rather than identify specific acts by which Scholastic infringed the Photographs, he admits he does not have this information, instead claiming that "Scholastic alone knows the full extent to which it has infringed [Plaintiff]'s copyrights by making unauthorized uses of the Photographs, but it has not shared this knowledge with [Plaintiff]."  Complaint ¶ 14.  But, the rights afforded to copyright owners are clearly enumerated in Section 106 of the Copyright Act, and nothing in Section 106 or elsewhere grants copyright owners a statutory right to audit

Scholastic's supposed uses of their works.  *See* 17 U.S.C. § 106; *see also Young-Wolff v. McGraw-Hill Cos.*, No. 13 Civ. 4372, 2014 WL 349711, at *6-8 (S.D.N.Y. Jan. 31, 2014) ("Plaintiff points to neither case law nor language in the Copyright Act indicating that a copyright owner has an inherent right to sue a licensee for an audit.").

Were such a right to exist under the Copyright Act, it would render superfluous all contractual audit rights that copyright holders and licensees bargain for on a regular basis.[3] Indeed, in cases where parties have made claims related to an accounting or audit of copyright uses, those allegations have invoked state law claims, different and apart from claims under the Copyright Act.  *See Wolfe v. United Artists Corp.*, 583 F. Supp. 52, 56-57 (E.D. Pa. 1983) (Plaintiff's accounting claim stemmed from agreements between parties and not from his rights under the Copyright Act); *see also Iza Music Corp. v. W&K Music Corp.*, 995 F. Supp. 417, 418 (S.D.N.Y. 1998) (a joint author's right to an accounting is a state law claim, not a copyright claim); *eScholar, LLC v. Otis Educ. Sys., Inc.*, 387 F. Supp. 2d 329, 333 (S.D.N.Y. 2005) (contractual claim for a right to audit and receive license fee sought to protect rights is "qualitatively different" from those protected by copyright and therefore not preempted by the Copyright Act).

Scholastic respectfully submits that this Court should not permit Plaintiff to use the litigation process to conduct what it admits is an audit of Scholastic's activities over the past 20 years, all based upon mere speculation that licensed Photographs may have been exceeded in some unspecified way.  Particularly as this is precisely what Rule 8 is meant to prevent.  *See*

---

[3] While Plaintiff fails to allege any agreement that would entitle it to an audit here, he was at least aware that such a right was commonly contracted for.  The terms and conditions included in his agreement with Corbis provide for an audit of Corbis' records with respect to Plaintiff's photographs.  *See* Rosenthal Decl. Ex. B at p. 5 ¶ 4.

*Iqbal,* 556 U.S. at 678–79 (Although "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

## III. THIS CASE SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT OF NEW YORK

If this case is not dismissed, it should be transferred to the Southern District of New York.  Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any district or division where it might have been brought *or to any district or division to which all parties have consented.*"  (emphasis added).  In the Third Circuit, "[a] valid forum selection clause 'is treated as a manifestation of the parties' preferences as to a convenient forum.... Thus, while courts normally defer to a plaintiff's choice of forum, such deference is inappropriate where the plaintiff has already freely contractually chosen an appropriate venue.'"  *Jon Feingersh Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*, No. CIV.A. 13-2378, 2014 WL 716723, at \*2 (E.D. Pa. Feb. 25, 2014) (quoting *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 880 (3d Cir. 1995)).

Although Plaintiff fails to attach them to the Complaint, Plaintiff alleges that the Agency Agreements form the basis of his agents' right to license his Photographs to Scholastic and others.  *See* Complaint ¶¶ 8-9.  These agreements, as well as the PVAs between Scholastic and his agent, Corbis – which cover at least seven of the uses at issue here (*compare* dates of invoices listed in Complaint Ex. 1, rows 34-38, 41-42 *with* dates of agreements in Rosenthal Decl. Exs. C, D) – all contain mandatory New York forum selection clauses, indicating that the parties have chosen to litigate in the Southern District of New York.  *See, e.g.,* Rosenthal Decl.

Exs. A-D.[4]  Plaintiff's counsel is well aware of these clauses, having lost a number of transfer

motions involving these same forum selection clauses.  *See Lefkowitz v. McGraw-Hill Cos.,* No.

CIV.A. 13-1661, 2013 WL 3061549, at *4 (E.D. Pa. June 19, 2013); *Lefkowitz v. John Wiley &*

*Sons, Inc.,* No. CIV.A. 13-1662, 2013 WL 4079923, at *2 (E.D. Pa. Aug. 13, 2013); *Feingersh*,

2014 WL 716723, at *3-4; *but see Jon Feingersh Photography, Inc. v. Pearson Educ., Inc.,* 978

F. Supp. 2d 463 (E.D. Pa. 2013).

### A.  The Forum Selection Clauses are Binding on the Parties

Although the parties here were not both signatories to all Agreements, because Plaintiff

alleges that they provide the basis for the relevant licensing relationship (*see* Complaint ¶¶ 8-9),

they are binding on the parties.  *See First Fin. Mgmt. Grp., Inc. v. Univ. Painters of Baltimore,*

*Inc.*, No. CIV.A. 11-5821, 2012 WL 1150131, at *3 (E.D. Pa. Apr. 5, 2012), *order entered* 2012

WL 1150132 (E.D. Pa. Apr. 5, 2012) ("[I]t is widely accepted that nonsignatory third-parties

who are closely related to [a] contractual relationship are bound by forum selection clauses

contained in the contracts underlying the relevant contractual relationship") (internal citations

and quotation marks citations omitted)).

### B.  The Forum Selection Clauses Cover Plaintiff's Claims

Moreover, while Plaintiff may argue that copyright claims do not fall within these forum

selection clauses, this argument is contradicted by case law from this District.  Courts have

generally held that a forum-selection clause applies to tort and other non-contract claims where

"the claims arise out of the contractual relation and implicate the contract's terms."  *Crescent*

---

[4] On either a motion to dismiss or motion to transfer venue, the Court may rely on a contract that
forms the basis of Plaintiff's claims, such as the Agreements here, even if he has not attached it.
*See Schmidt v. Skolas,* 770 F.3d 241, 249 (3d Cir. 2014); *Mohsen v. Morgan Stanley & Co.,* No.
11-cv-6751, 2013 WL 5312525, at * 3 (S.D.N.Y. Sept. 23, 2013).

*Intern., Inc. v. Avatar Communities, Inc.,* 857 F.2d 943, 944-45 (3d Cir. 1988).  That is

undoubtedly the case here, where Plaintiff has alleged that his agents' ability to grant licenses for

the Photographs at issue stems from his Agency Agreements.  *See* Complaint ¶¶ 8-9.  More to

the point, in *Feingersh* the court specifically found that the Corbis forum selection clause

identical to the one in the PVAs (*compare* Rosenthal Decl. Exs. C, D ¶ 21 *with Feingersh*, 2014

WL 716723, at *2) extends to copyright infringement claims.  *See Feingersh*, 2014 WL 716723,

at *4 (citing *Lefkowitz,* 2013 WL 4079923).

### C. Even Considering the Private and Public Interest Factors, Transfer is Warranted

These forum selection clauses alone require transfer.  As the Supreme Court held in *Atl.*

*Marine Const. Co., Inc. v. U.S. Dist. Ct. for Western Dist. of Texas*, 134 S. Ct. 568, 575 (2013),

"[w]hen a defendant files such a [transfer] motion, we conclude, a district court should transfer

the case *unless extraordinary circumstances unrelated to the convenience of the parties clearly*

*disfavor a transfer*." (emphasis added)).  This Court therefore need not consider the additional

private and public interest factors it would weigh in analyzing transfer before *Atlantic Marine*.

*See id.* at 581-82 (limiting the considerations on a motion to transfer in the face of a valid forum

selection clause).

If those additional factors are considered, however, the reasons for transfer become even

more compelling.  The "private interests" relevant to a motion to transfer venue as established by

the Third Circuit include:

> [P]laintiff's forum preference as manifested in the original choice, the defendant's
> preference, whether the claim arose elsewhere, the convenience of the parties as indicated
> by their relative physical and financial condition, the convenience of the witnesses but
> only to the extent that the witnesses may actually be unavailable for trial in one of the
> fora, and the location of books and records (similarly limited to the extent that the files
> could not be produced in the alternative forum).

*Jumara,* 55 F.3d at 879–80.  The "public interest" factors include:

> [T]he enforceability of the judgment, practical considerations that could make the trial easy, expeditious or inexpensive, the relative administrative difficulty in the two fora resulting from the court congestion, the local interests in deciding local controversies at home, the public policies of the fora, and the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879.  Again, in *Feingersh*, the court, facing a nearly identical set of facts, found that the private interest factors favored transfer, and the public interest factors were neutral.  *Feingersh,* 2014 WL 716723, at *3-4.  The same conclusion is warranted here.  The parties consented to venue in the Southern District (Rosenthal Decl. Exs. A-D), and Scholastic – and thus its witnesses and documents – are located in the Southern District (Complaint ¶ 3).  Thus, the private interest factors favor transfer.  As to the public interest factors, as the court in *Feingersh* noted, there is no reason to think that this Court would be any more familiar with the controversy at issue than a New York court, nor would it be more cumbersome or expensive to litigate in New York.  *Id.*, at *4.  This factor is neutral.

Because the Agreements contain exclusive forum selection clauses, and the private interest factors favor litigation in New York, if this action is not dismissed, it should be transferred to the Southern District of New York.

## IV.    SHOULD THIS CASE PROCEED, DISCOVERY SHOULD BE LIMITED TO WHETHER THE COMPLAINT IS BARRED BY THE STATUTE OF LIMITATIONS

If this case is permitted to go forward in this District, discovery at the outset of the case should be limited to determining which, if any, of Plaintiff's claims have been brought within the three-year statute of limitations for copyright claims.

While Plaintiff may argue that he only just "discovered" his claims pursuant to the discovery rule outlined by the Third Circuit in *William A. Graham Co. v. Haughey*, 568 F.3d 425, 437 (3d Cir. 2009), *Haughey* cannot save the Complaint for two reasons.  *First*, the Supreme Court decision in *Petrella* – which was decided later – casts doubt on the viability of

the "discovery rule." *See Grant Heilman Photography, Inc. v. McGraw-Hill Cos., Inc*., 28 F.

Supp. 3d 399, 411 (E.D. Pa. 2014) (finding the statute of limitations language in *Petrella*

"suggestive", but applying the discovery rule).  Indeed, the injury rule makes sense.  Copyright

infringement is a tort, and "the traditional rule is that 'the tort cause of action accrues and the

statute of limitations commences to run, when the wrongful act or omission results in damages.

The cause of action accrues even though the full extent of the injury is not then known or

predictable.'"  6 Patry on Copyright § 20:17 (citing *Wallace v. Kato*, 549 U.S. 384, 391 (2007)).

*Second,* even if the discovery rule applies, this "discovery" must necessarily occur when

Plaintiff has the information necessary to bring suit.  *See Grant Heilman Photography, Inc. v.

McGraw-Hill Companies, Inc.,* No. CIV.A. 12-2061, 2012 WL 5944761, at *3 (E.D. Pa. Nov.

28, 2012), *order entered* 2012 WL 594904 (E.D. Pa. Nov. 28, 2012) (quoting *Haughey,* 568 F.3d

at 438) ("Under the 'discovery rule,' a claim under the Copyright Act does not accrue until 'the

plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis

for the claim.'").  Plaintiff's claims rely on the information that: (1) his agents licensed certain of

his Photographs beginning in 1993; and (2) Scholastic (and other publishers) had been sued by

photographers beginning in 2011.  Plaintiff has no more information now than he did when his

Photographs were published by Scholastic, and – assuming this information is sufficient to meet

the pleading standard, which Scholastic argues it is not – could therefore have as easily

commenced this suit at that time, now many years ago.  Thus Plaintiff "discovered" its claims

well beyond three years before filing, and it would be contrary to the purpose of the statute of

limitations to allow Plaintiff to sit on these claims indefinitely.  *See Bosley v. Chubb Corp.*, No.

CIV.A. 04-4598, 2007 WL 9604965, at *1 (E.D. Pa. Feb. 20, 2007) (the purpose of the statute of

limitations is "to ensure fairness to defendants and notify them of claims that they must defend before the claims grow stale") (internal citation omitted).

Simply put, Plaintiff cannot have it both ways. If he can adequately allege copyright infringement claims on the basis of this scant information, then this same information must start the statute of limitations running and bar his claims in this case. His Complaint, which rests on books published in 2012 or earlier, should be dismissed in its entirety.

Finally, whatever the statute of limitations on his claims, Plaintiff's damages must be limited to the three years preceding the filing of the Complaint. Pursuant to the Supreme Court's decision in *Petrella*, "[u]nder the [Copyright] Act's three-year provision, an infringement is actionable within three years, *and only three years*, of its occurrence." *Id.* at 1969 (emphasis added). Therefore, in bringing suit for copyright infringement, a plaintiff may recover "retrospective relief running only three years back from the date the complaint was filed." *Id.* Courts in this District have followed *Petrella*, recognizing this limitation. *See Raucci v. Candy & Toy Factory*, No. CIV.A. 15-3385, 2015 WL 6664160, at *4 (E.D. Pa. Nov. 2, 2015), *order entered* 2015 WL 6664161 (E.D. Pa. Nov. 2, 2015) (citing *Petrella* for the proposition that "where the infringing acts occurred before and after the three-year limitation period, only those discrete acts occurring within three years of the filing of suit are timely"). At a minimum, Plaintiff is barred from recovering damages prior to April 18, 2013, three years from the date of filing of the Complaint. Scholastic should not be required to provide information – some dating back for more than 20 years – with respect to claims that are barred by the statute of limitations.

## <u>CONCLUSION</u>

For each of the foregoing reasons, Scholastic respectfully requests that the Court grant its motion to dismiss the Complaint in its entirety, with prejudice, or, in the alternative, transfer the venue of this action to the Southern District of New York. Finally, should this action proceed in

this District, discovery at the outset of the case should be limited to determining which, if any, of

Plaintiff's claims have been brought within the three-year statute of limitations for copyright

claims.

Dated: Philadelphia, Pennsylvania
      June 28, 2016

               SCHNADER HARRISON SEGAL & LEWIS LLP


               By: /s/ Stephen J. Shapiro
                 Stephen J. Shapiro (Pa. I.D. No. 83961)
               1600 Market Street, Ste. 3600
               Philadelphia, Pennsylvania 19103
               Phone:  (215) 751-2000
               Fax:  (215) 751-2205
               sshapiro@schnader.com

               FRANKFURT KURNIT KLEIN & SELZ, P.C.
               Edward H. Rosenthal*
               Nicole Bergstrom*
               488 Madison Avenue, 10th Floor
               New York, New York 10022
               Phone:  (212) 980-0120
               Fax:  (212) 593-9175
               erosenthal@fkks.com
               nbergstrom@fkks.com
               *Admitted *pro hac vice*

               *Attorneys for Defendant Scholastic Inc.*